LADENBURG, THALMAN & COMPANY v. THE PENNSYL-
VANIA RAILROAD COMPANY.

Argued November 8, 1900—Decided February 25, 1901.

Where an application to enforce against a witness, who had been called to testify before a commissioner of this state, the penalties for refusing to answer questions provided by section 56 of the Evidence act (*Gen. Stat., p.* 1408), it appearing that not even a *prima facie* case is made out as to the materiality of the questions propounded, the motion will be denied.

---

On application to punish witness, &c.

Before Justices GARRISON and GARRETSON.

For the motion, *J. W. M. Newlin* (of the Philadelphia bar).

*Contra, Charles D. Thompson.*

PER CURIAM.

This is an application to enforce against a witness, who had been called to testify before a commissioner of this state, the penalties for refusing to answer questions provided by section 56 of the act concerning evidence. *Gen. Stat., p.* 1408. The materiality of the questions propounded to the witness, C. A. Sterling, as to contracts between the National Storage Company, of which he was president, and the Standard Oil Company, must be made clear to this court. At the argument, upon its appearing that reliance for this purpose was placed upon the rule awarding a commission made in the State of Pennsylvania, counsel were informed that argument would be heard as to whether a rule to show .cause should be allowed against the witness upon the matters in proof before the court. That motion was argued. We are of opinion that there is not even a *prima facie* case made out as to the materiality of the questions propounded. The Pennsylvania court had before it the practice question whether interrogatories should be framed or an oral examination allowed. It decided in favor of the oral examination. All proof before it was to this end, and had no bearing upon the materiality of the issues set up by the parties, but only as to the mode of examining witnesses.

The motion for the rule is denied.